IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SubAir Systems, LLC, ) | C/A No. 0:05-755-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER and OPINION** |
| Advanced Aeration Systems, LLC, d/b/a ) | |
| "Advanced Aer," Walter N. Norley, and ) | |
| Louis W. Merlini, Individuals, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on three interrelated motions. First, Plaintiff has moved for reconsideration of this court's order declining to assert jurisdiction over any damages claims relating to the three patents identified in the complaint other than damages claims arising out of Defendants' contacts with the State of South Carolina. *See* Dkt No. 5. Second, Defendants have moved for summary judgment based on evidence that the product they offered for sale in South Carolina did not include the allegedly infringing feature. *See* Dkt No. 12. Finally, Plaintiff has moved to strike Defendants' motion for summary judgment. *See* Dkt No. 15. The court addresses these three motions in reverse order.

**Motion to Strike.** Plaintiff's motion to strike is denied. While captioned as a separate motion, this document is better characterized as a memorandum in opposition to the motion for summary judgment, albeit one raising only procedural arguments. The arguments raised will, therefore, be considered together with the substantive arguments against summary judgment.[1]

---

[1] Plaintiff did not file any substantive opposition to the motion for summary judgment until after Defendants filed their reply. By taking this approach, Plaintiff placed its substantive memorandum in the posture of a sur reply and risked the court disregarding it altogether. Nonetheless, instead of striking the sur reply, the court allowed Plaintiff to file a sur sur reply. The parties should not expect similar accommodation in the future as the court intends to strictly enforce the requirements of Local Civil Rule 7.06 as to all future filings.

**Motion for Summary Judgment.** Defendants' motion for summary judgment is based on evidence that the system Defendants offered for sale in South Carolina did not include a "pressurized" function which would allow air to be blown upwardly from the soil ("pressure feature"). Defendants maintain that the pressure feature is required by all three of the allegedly infringing patents.[2]

In support of their claim that no pressure feature was offered in South Carolina, Defendants rely heavily on testimony from Advanced Aer's employees that Advanced Aer did not have a pressure feature to offer at the time of Defendants' sales calls in South Carolina. Defendants also note that the evidence on which Plaintiff relies–a brochure, website content, and sale(s) of a pressurized system–all post-date Defendants' contacts with South Carolina. While Defendants concede that they did provide a video to one or more of the South Carolina sales prospects which included a reference to a pressure feature, they argue that this reference should be disregarded because the video itself is not an offer for sale. Finally, Defendants argue that the specification sheets provided to the South Carolina prospects do not include a pressure feature.

In its initial (procedural) response, Plaintiff suggests that Defendants' summary judgment motion is precluded by this court's findings in regard to the motion to dismiss for lack of personal jurisdiction. The court disagrees. The findings relating to the personal jurisdiction motion were preliminary and subject to later determination, either on summary judgment or based on a jury determination. *See infra* Motion for Reconsideration. At the same time, the issues are interrelated

---

[2] Defendants argue that a Markman hearing is not required in order to grant summary judgment as the pressure feature is a clearly stated component of each of the three patents at issue and is totally absent from the systems Advanced Aer offered in South Carolina. While Plaintiff does not challenge the premise that each of the three patents includes a pressure feature, it argues that a Markman hearing is required before summary judgment can be decided. While the court is inclined to agree with Defendants' premise that a Markman hearing may not, ultimately, be required if the evidence is as Defendants suggest, it need not decide that question at this time in light of the denial of this motion on other grounds.

and, as discussed below, the court does not find the record to be so clear as to warrant resolution on the present record.

In its later, substantive response, Plaintiff argues that the video and other evidence is sufficient either to preclude summary judgment or, at the least, to warrant more discovery before the court considers a motion for summary judgment. The court agrees with the latter point.

There is no dispute that Defendants made three offers for sale in South Carolina of a system which had the ability to pull air down through the soil. These offers are evidenced, in part, by three letters written to three golf courses in the state and testimony of defense witnesses that sales calls were made on these golf courses. It is apparently also undisputed that, at some later time, Defendants offered a system in other locations which had a pressure feature. What is at issue, both for purposes of the merits and ultimate determination of the existence of personal jurisdiction, is whether what was offered in South Carolina had the pressure feature.

The letters themselves do not describe the systems offered. The court must, therefore, look to other evidence to answer this critical question. The specification sheet which Defendants assert was provided to one or more of the prospects may provide such evidence. This court is not, however, independently qualified to interpret such technical information. Thus, expert testimony may be required to explain the import of this document. Plaintiff is, moreover, entitled to discovery to test Defendants' claims as to whether this sheet was provided to the South Carolina prospects and what additional description of the offered system was given. Likewise, Plaintiff is entitled to discovery as to when Defendants first offered a pressurized system, to test Defendants' witnesses' testimony that a pressure feature was not available until some later time.

The motion for summary judgment will, therefore, be denied without prejudice to a later, post-discovery motion. What discovery should be allowed as to these issues will be addressed at a hearing

3

set for July 20, 2005, at 10:00 a.m.[3]

**Motion to Reconsider.** Plaintiff's motion to reconsider seeks modification of limiting language found in an order in the case from which the present action was severed. Specifically, in response to an earlier request for clarification, this court stated that

> it did intend to limit its exercise of personal jurisdiction over the Advanced Aer Defendants to causes of action arising out of the offers for sale which took place in South Carolina or other actions directed to these South Carolina based golf courses. Thus, for example, only patents implicated by those particular offers would be subject to construction in this court. This does not, necessarily, foreclose equitable relief which might have a broader application, such as general declaratory or injunctive relief flowing from proof which is otherwise proper in the claims before this court. *It would, however, foreclose litigation of any claim for damages flowing from sales, offers for sale, or other actions taken in other states.*

Order entered in C.A. 04-2722-CMC (Dkt. No. 55 entered February 21, 2005) (emphasis added).

Plaintiff argues that the court erred in limiting damages claims to those arising from Defendants' contacts with the forum state. In support of this argument, Plaintiff relies, *inter alia*, on *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994). In that case, the Federal Circuit found error in the district court's dismissal of claims for lack of personal jurisdiction where there was evidence that the defendant-manufacturer and the defendant-distributor had, through a third party, caused the allegedly infringing product to be sold in the forum state. For present purposes, what is most critical is the court's indication that the district court should, or at least could, extend its jurisdiction to reach damages claims arising from sales in other states, even if the bulk of

---

[3] Relevant discovery might, for instance, include depositions of the individuals with whom Defendants met in South Carolina, as well as subpoenas of sales materials which the South Carolina prospects may have retained. Discovery might also be appropriate as to Defendants' communications with other prospects within the same time frame.

4

the claims arose in those other states.[4]

The product at issue in *Beverly Hills Fan* was a particular model of fan which was mass produced and widely distributed through a third party. Similarly, the libel case on which *Beverly Hills Fan* relies, *Keeton v. Hustler Magazine,* involved nationwide distribution of a single publication.[5] Thus, neither court faced the particular problems before this court which include a significant dispute as to what, in fact, was offered for sale through Defendants' very limited contacts with South Carolina. Corresponding difficulties are likely to be presented as to the other damages claims which Plaintiffs seek to include in this action.[6]

---

[4] Noting that the forum state had "a substantial interest in cooperating with other states to provide a forum for efficiently litigating plaintiff's cause of action," the court stated that the plaintiff-fan company would "be able to seek redress in [the forum state] for sales of the accused fan to consumers in these other states." *Id.* at 1568 (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 777 (1984)). The court also stated that "[t]hese other states will thus be spared the burden of providing a forum for Beverly to seek redress for these sales. And defendants will be protected from harassment resulting from multiple suits." *Id. See also id* at n. 21 ("Beverly is not precluded from bringing suit in Virginia just because the bulk of the harm inflicted on it may occur through sales in these other states.").

[5] In *Keeton*, the Court found that where a magazine "continuously and deliberately exploited the [forum state] market, it must reasonably anticipate being haled into court there in a libel action based on the contents of its magazine." *Keeton*, 465 U.S. at 782. The Court further noted that, in light of the "single publication rule" the magazine "must anticipate that such a suit will seek nationwide damages." *Id.* As the Court explained, the "single publication rule" may be summarized as providing only one action for damages for any single publication but allowing all damages suffered in all jurisdictions to be pursued in that action. *Id.* at n. 2. For these reasons, the Court found that the courts below had erred in finding personal jurisdiction lacking over a libel claim brought in New Hampshire against Hustler Magazine seeking redress for damages for nationwide publication. *Keeton,* 465 U.S. at 773-74 ("Respondent's regular circulation of magazines in the forum State is sufficient to support an assertion of jurisdiction in a libel action based on the contents of the magazine.").

[6] There are at least three complicating factors. First, Defendants did not succeed in selling anything in this state. As a result, there is no physical system which might be inspected to determine the features of the system offered in South Carolina. Second, what was offered for sale in South Carolina was a system which was only generally described in any documentary evidence. Thus, whether the system offered contained the particular function on which Plaintiff rests its infringement

The *Keeton* Court's instruction to lower courts to consider the "relationship among the defendant, the forum and the litigation" appears to be directed to just such a situation. *Keeton* 465 U.S. at 775. In this regard, the Court stated:

> This, it is certainly relevant to the jurisdictional inquiry that [plaintiff] is seeking to recover damages suffered in all States in this one suit. The contacts between respondent and the forum must be judged in the light of that claim, rather than a claim only for damages sustained in [the forum state.] That is, the contacts between defendant and [the forum state] must be such that it is "fair" to compel [defendant] to defend a multistate lawsuit in [the forum state] seeking nationwide damages . . . even though only a small portion of [all the copies of the magazine at issue] were distributed in [the forum state].

*Id.* at 775-76.

This language from *Keeton* is discussing claims arising under state law. The present claims, by contrast, arise under federal law. While this distinction is an important factor to consider, it does not eliminate the need to balance the various considerations. Thus, this court must determine whether it is fair, in light of the relevant substantive law (here federal patent law) and the connections between the forum and the alleged wrong(s), to require defendant to defend the claims in the forum state. Ultimately, the answer turns on whether Defendants offered an infringing system in the forum state and whether the systems offered or sold in other states were the same system or, at least, contained the same offending feature(s).

In limiting the damages which might be pursued in this action, this court sought to balance the parties' interests, recognizing that it could, without question, assert personal jurisdiction over Defendants for the purpose of determining *whether* they offered an infringing product in this state. At the same time, the court recognized that what was offered in this state might differ from what was

---

claim is a matter of some dispute. Third, the system was apparently changed over time and may also have had various options. Consequently, what was offered in one location and at one time may not have been what was offered at other locations and times.

offered in other states, making it unfair for Defendants to have to defend all claims in the present action. On the other hand, *Beverly Hills Fan* and *Keeton*, stand for the proposition that claims relating to multiples sales of the *same* system should, if possible, be resolved in a single action. Unfortunately, the underlying issues necessary to resolve the fairness of including damages claims relating to offers for sale and sales in other states may not be resolved until a trial on the merits.

One possibility for resolving the quandary would be to allow the case to go forward with the out-of-forum damages claims to whatever point is necessary to determine if the product offered for sale in South Carolina infringed Defendant's patent(s) (or at least had the function which is challenged as infringing). Assuming this cannot be resolved before trial, the matter might be put to the jury by special interrogatory. If either the court (on summary judgment) or jury (on special interrogatory in a staged trial) determine that the South Carolina offers for sale were not of infringing products, the court might then dismiss the remaining claims without prejudice for want of personal jurisdiction or, if allowed, transfer them to another court for further proceedings.

Each option presents risks and difficulties for one side or the other, as well as the risk of of wasting judicial resources. These risks and the various possible options have not been addressed by the parties who have, for the most part, taken an all-or-nothing approach to the jurisdictional question. The court will, therefore, defer resolution of this question to allow for argument during the July 20, 2005 hearing. While further briefing will not be required, the court will allow supplemental briefing directed to the particular issues raised in this section of this order. Any such briefing shall be filed no later than **July 13, 2005** and shall not exceed ten pages. Plaintiff shall, however, be required by that same date (July 13, 2005) to provide a list of all currently known instances of sales or offers for sale for which Plaintiff seeks damages in this action. As to each such sale or offer, Plaintiff shall, to the

7

extent the information is known, provide the date of the offer or sale, the entity to which the offer or sale was made, the location (city and state), and the nature of the system offered or sold.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike and Defendants' motion for summary judgment are denied. The latter denial is without prejudice to a renewed motion after discovery, the scope of which will be addressed at a hearing set for July 20. 2005. The motion for reconsideration as to the inclusion of damages claims and related procedural issues will be addressed at the same hearing.

**IT IS SO ORDERED**.

      s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

July 6, 2005
Columbia, South Carolina

C:\temp\notesB0AA3C\~2282919.wpd